IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICHARD D. MORGAN, | § | Case No. 05-34981-SGJ-7 |
| | § | Chapter 7 |
| Debtor. | § | |
| _____ | § | |
| | § | |
| 8400 N.W. EXPRESSWAY, LLC, | § | |
| | § | |
| Appellant, | § | |
| | § | Adversary Proceeding No. |
| | § | 05-03605-SGJ |
| v. | § | |
| | § | Civil Action No. 3:07-CV-0801-K |
| | § | |
| RICHARD D. MORGAN, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellant 8400 N.W. Expressway, LLC ("8400")'s appeal of the United States Bankruptcy Court's Memorandum Opinion entered February 23, 2007. In that order the bankruptcy court denied 8400's objections to Debtor Richard D. Morgan ("Morgan")'s discharge. The bankruptcy court further entered judgment in favor of Morgan and against 8400. 8400 has appealed, contending that the bankruptcy court improperly denied its objections and granted Morgan's discharge.

8400 argues here that the bankruptcy court should not have granted discharge to Morgan, primarily because Morgan allegedly failed to keep and preserve adequate

1

business and financial records. 8400 maintains that the bankruptcy court thus should have denied Morgan's discharge under sections 727(a)(3) of the Bankruptcy Code.

8400 also argued at trial that Morgan's discharge should have been denied under section 727(a)(2)(A) of the Bankruptcy Code because of two alleged fraudulent transfers of assets made by Morgan to his wife. These transfers related to Morgan's interests in a lake house and an entity known as Family Leasing. To support this allegation, 8400 presented evidence of other conduct by Morgan around the time of those transfers, inviting the bankruptcy court to infer from that unrelated conduct that the lake house and Family Leasing transfers were fraudulent, and that Morgan should be denied a discharge under Bankruptcy Code section 727(a)(2)(A). The bankruptcy court overruled 8400's objection, stating that the record did not support a finding that the unrelated conduct was done with fraudulent intent.

8400 has not appealed the bankruptcy court's ultimate finding that the lake house and Family Leasing transfers were not fraudulent, and its corresponding denial of 8400's section 727(a)(2)(A) objections. However, 8400 here contends that whether the other transactions it used to attempt to support its actual fraudulent transfer claims (regarding the lake house and Family Leasing) were themselves fraudulent was not an issue before the court at trial, and that therefore the bankruptcy court's findings and conclusions regarding those transactions are erroneous. On this limited basis, 8400 appeals these findings pertaining to the unrelated conduct, and asks that they be vacated.

I. Factual and Procedural Background

From 1994 through 2002, Morgan was involved in various real estate acquisition and development projects. Those real estate projects were acquired, owned, and managed by separate, single-purpose entities owned or controlled by Morgan. The projects were financed by highly leveraged lending transactions. Morgan was either personally liable for these debts or was indirectly liable through a personal guaranty. After Morgan's real estate businesses declined during 1999 through 2003, these projects were either foreclosed upon or sold to pay down the debts incurred in their development.

The failure of his real estate projects greatly impacted Morgan's personal income, and he was eventually forced to close his office and place the books and records of the real estate development entities in storage. Eventually, many of these records were lost or destroyed. Creditors sought repayment of the loans received or guaranteed by Morgan in relation to the real estate development projects, including Appellant 8400, whose project was the last of Morgan's real estate properties foreclosed upon. On May 2, 2005, Morgan filed a Chapter 7 bankruptcy petition, seeking relief from creditors. On his bankruptcy schedules, Morgan listed aggregate debts exceeding $30 million.

Appellant 8400 objected to the discharge of Morgan's debts, and a Discharge Objection Proceeding was held in the bankruptcy court from September 18, 2006 through September 27, 2006. 8400 asserted at trial that in the years preceding his bankruptcy filing, Morgan engaged in a significant number of suspect transfers and

transactions for which he failed to keep or preserve adequate recorded information from which his actual financial position could be ascertained, arguing that such failure was a reason to deny discharge of Morgan's debts.  Appellant further objected to Morgan's discharge by alleging that two specific transfers of property by Morgan to his wife (an interest in a lake house and an entity known as "Family Leasing") were made with the intent to hinder, delay or defraud his creditors.  The bankruptcy court overruled 8400's objections and granted a discharge to Morgan.  8400 filed this appeal on May 4, 2007.

## II.     Review of the Bankruptcy Court's Findings

The court reviews the bankruptcy court's factual findings under the clearly erroneous standard, while any questions of law are reviewed *de novo.*  Fed. R. Bankr. P. 8013; *In re Whitaker Construction Co., Inc.,* 411 F.3d 197, 201 (5th Cir. 2005); *In re Chesnut,* 311 B.R. 446, 449 (N.D. Tex. 2004).  A finding of fact is clearly erroneous only if "'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *In re Dennis,* 330 F.3d 696, 701 (5th Cir. 2003), *quoting Hibernia Natl. Bank v. Perez,* 954 F.2d 1026, 1027 (5th Cir. 1992).  Further, the court notes that courts must grant a debtor a discharge in bankruptcy unless they find a specific reason to deny it.  *Shelby v. Texas Improvement Loan Co.,* 280 F.2d 349, 355 (5th Cir. 1960), *cited in In re Andrews,* 98 Fed. Appx. 290, 293 (5th Cir. 2004).  A bankruptcy petitioner cannot be denied discharge on general equitable considerations.  *Id.*  It can only be denied if one or more of the statutory grounds of objection are proved.  *Id.*

4

Accordingly, unless 11 U.S.C. §§ 727(a)(3) operates to bar Morgan's discharge, the court must affirm the bankruptcy court's decision. *Andrews,* 98 Fed. Appx. at 293. The court will review each of Appellant's issues below.

### A. Failure to Maintain and Preserve Financial Records

Under 11 U.S.C. § 727(a)(3), individual debtors are entitled to discharge unless the debtor has failed to keep or preserve any recorded information from which the debtor's financial condition might be ascertained, unless such failure was justified under the circumstances. 8400 thus contends on appeal that the bankruptcy court should have denied Morgan's request for discharge under section 727(a)(3) because Morgan allegedly did not keep adequate records from which his true financial situation could have been ascertained. As the plaintiff, 8400 bore the initial burden of proving that Morgan failed to keep and preserve sufficient financial records, and that this failure prevented it from ascertaining Morgan's financial condition. *Dennis,* 330 F.3d at 703, *citing Grant v. Sadler,* 282 B.R. 254, 263 (Bankr. M.D. Fla. 2002), and *Spiezio v. Vitek,* 271 B.R. 551, 558 (Bankr. S.D. Ohio 2001).

A debtor's financial records need not contain full detail, but the debtor should provide written evidence of his financial position. *Dennis,* 330 F.3d at 703; *Goff v. Russell Co.,* 495 F.2d 199, 201 (5th Cir. 1974). If the plaintiff satisfies its burden, then the burden shifts to the debtor to show that the inadequacy of the records is justified under the circumstances. *Dennis,* 330 F.3d at 703. The debtor's level of sophistication and the

extent of his business activities will bear on the adequacy of his record keeping. *Goff,* 495 F.2d at 201-02. The bankruptcy court has wide discretion in determining the adequacy of the debtor's financial records and whether the failure to keep such records was justified, and its determination is a finding of fact reviewed for clear error. *Dennis,* 330 F.3d at 703, *citing Goff,* 495 F.2d at 202.

Appellant first states on appeal that the bankruptcy court erred by placing the burden on Appellant to establish that Morgan's failure to keep sufficient financial records was not justified under the circumstances. The court disagrees. The bankruptcy court's opinion correctly recites the applicable burden shifting analysis, stating that if the plaintiff establishes a *prima facie* case by showing that the debtor failed to keep and preserve financial records, and that such failure prevented the plaintiff from ascertaining the debtor's true financial condition, that the burden shifts to the debtor to establish that the failure to keep adequate records was justified under the circumstances. (Memorandum Opinion at 50) (citations omitted). Moreover, the bankruptcy court analyzed at length Morgan's testimony and other proof as to why the records were not kept, as would be consistent with Morgan's burden to show that the disposal of the records was justified under the circumstances. (*Id.* at 51-55). Therefore, the court does not conclude that the bankruptcy court erroneously charged 8400 with the burden of showing that Morgan's alleged failure to maintain financial records was not justified.

6

8400 next contends that the bankruptcy court "applied the wrong legal standard" by ruling that a debtor should not be denied discharge for failure to keep and preserve records if such records are available to a creditor from another source.  In the court's view, the bankruptcy court did not issue such a ruling or apply such a "standard."  In its opinion, the bankruptcy court noted that certain of the records sought by 8400 were obtainable through Morgan's employer.  However, the bankruptcy court did not state that Morgan would be granted a discharge due to the availability of an alternate source for such documentation.  Rather, the main point made by the bankruptcy court was that those records (as well as many others ) pertained to Morgan's defunct real estate entities, all of which had ceased business and/or been foreclosed upon well before his bankruptcy filing.  It was for that reason that the bankruptcy court held that Morgan's failure to produce those records was justifiable under the circumstances, not the fact that some of the records were also available from Morgan's employer.

Appellant also asserts on appeal that the bankruptcy court improperly considered whether Morgan "intentionally" destroyed or discarded records relating to his real estate businesses in an effort to evade creditors.  The court agrees that the bankruptcy court made references to Morgan's intent in analyzing whether his failure to maintain certain financial records was grounds for denial of discharge, but Appellant infers from the bankruptcy court's opinion that it excused the lack of record-keeping and granted Morgan's discharge because Morgan's destruction of the records did not appear to be

intended to thwart his creditors. Rather, the bankruptcy court noted that the failure to keep records was justifiable because Morgan moved his office several times between 2000-2005, discontinued use of a storage unit in 2002 in order to save money, and because many of the records were stored on a computer server to which he no longer had access. The bankruptcy court further stated that it was understandable for Morgan not to continue holding onto those records, in light of the fact that the companies were defunct and that he had reached retirement age. Neither of these findings by the bankruptcy court were premised upon an finding related to Morgan's alleged intent with regard to those records.

Next, Appellant argues that a denial of discharge was proper under Bankruptcy Code section 727(a)(3) even though the bankruptcy court found that the unavailable financial records related to Morgan's real estate businesses, not his personal financial situation at the time of his bankruptcy filing. In support of its position, Appellant primarily relies on two cases, *In re Womble,* 289 B.R. 836 (Bankr. N.D. Tex. 2003), *aff'd,* 299 B.R. 810 (N.D. Tex. 2003), *aff'd,* 108 Fed. Appx. 993 (5th Cir. 2004); and *In re Bullough,* 358 B.R. 261 (Bankr. N.D. Tex. 2007). Both *Womble* and *Bullough* dealt with the issue presented here – a debtor's failure to produce adequate financial records for closely-held business entities. However, the court finds the facts of these cases to be distinguishable from the facts presented to the bankruptcy court here.

In both *Womble* and *Bullough,* several of the closely-held companies involved were still ongoing concerns near or at the time of the debtor's bankruptcy filing. *Womble,* 289 B.R. at 842-45; *Bullough,* 358 B.R. 261. Moreover, the *Bullough* case particularly focused on the fact that the debtor had omitted or misrepresented his ownership or involvement in many such entities in his bankruptcy disclosures, lending much support to the court's conclusion that a discharge should be denied for failure to keep adequate financial records. 358 B.R. at 285-86. Those facts are not present here, as the bankruptcy court noted that Morgan disclosed his prior ownership and involvement in his real estate ventures.

The bankruptcy court further described Morgan's testimony as to the lack of documentation for his real estate entities as candid, and clearly found him to be a credible witness, whereas the courts in both *Womble* and *Bullough* doubted the veracity of those debtor's statements as to the lack of documentation. *See, e.g., Womble,* 289 B.R. at 859 (debtor's testimony described as "conclusory, self-serving, and unconvincing"); *Bullough,* 358 B.R. at 273 (court doubted debtor's testimony was "honest mistake"). Finally, both *Womble* and *Bullough* reiterate that the adequacy and necessity of the records is evaluated case-by-case, and that the court has "wide discretion" in determining whether the records produced are sufficient to trace the debtor's financial history. *Womble,* 289 B.R. at 856-57, *citing In re Dias,* 95 B.R. 419, 422 (Bankr. N.D. Tex. 1988); *Bullough,* 358 B.R. at 283. Here, the bankruptcy court acted within reasonable

discretion in determining that under the facts of this case, discharge was appropriate despite the incomplete nature of the financial records for Morgan's real estate entities, which had ceased business several years prior to when he filed for bankruptcy protection.

8400 also argues that the bankruptcy court erred by determining that the missing records were not relevant to an understanding of Morgan's financial condition. As stated by the bankruptcy court, the majority of the missing records relate to Morgan's various real estate businesses, and noted that those businesses had been defunct for several years. (Memorandum Opinion at 51-52). However, the court described the evidence that Morgan did produce regarding his financial affairs and business transactions, which included at least 12 boxes of documents (including a closing binder for the TacCo transaction, which was Morgan's largest outstanding debt). Whether or not the alleged missing documentation was relevant to an examination of Morgan's true financial picture, the bankruptcy court, in its discretion, decided that Morgan had sufficiently carried his burden of establishing justification for the loss or destruction of those records.

Overall, after review of these issues on appeal, the court holds that the bankruptcy court's factual findings related to Morgan's failure to maintain certain records are not clearly erroneous, and that the bankruptcy court correctly applied the burden-shifting analysis for determining whether a discharge should be denied under 11 U.S.C. § 727(a)(3).

B.  **Findings Regarding Fraudulent Transfers**

As is stated above, 8400 objected to Morgan's discharge under Bankruptcy Code section 727(a)(2)(A) by arguing that Morgan engaged in two specific transfers of property to his wife for the purpose of defrauding or hindering creditors. The bankruptcy court overruled these objections, which related to the lake house and Family Leasing transfers. 8400 has not appealed this ruling by the bankruptcy court.

Initially, 8400 had pleaded additional fraudulent transfer claims related to transactions known as the Gainesville Transactions, TacCo Transactions, the REI Conveyance, and the Warwick Account transfers. 8400 contends that prior to trial, it decided not to proceed with these additional claims and narrowed the scope of its section 727(a)(2)(A) complaint to the lake house and Family Leasing transfers. However, 8400 states that in attempting to prove that the lake house and Family Leasing transfers were fraudulent, it presented evidence of "additional facts and circumstances" from which the bankruptcy court could infer that the lake house and Family Leasing transfers were made with the intent to hinder or defraud creditors. *See, e.g. In re Dias,* 95 B.R. 419, 425 (Bankr. N.D. Tex. 1988) (court may deduce fraudulent intent from all the facts and circumstances of a case); *In re Echart,* 374 B.R. 596, 599 (Bankr. E.D. Tex. 2007), *citing In re Yonikus,* 974 F.2d 901, 904 (7th Cir. 1992) (fraudulent intent may be inferred from all of the surrounding circumstances).

11

Those alleged additional facts related to the Gainesville Transactions, TacCo Transactions, REI Conveyance, and the Warwick Account transfers. The bankruptcy court found that these additional transfers were not made with fraudulent intent. On appeal, 8400 contends that because it did not bring these claims as objections to discharge under 11 U.S.C. § 727(a)(2)(A), the bankruptcy court made findings on matters that were not before the court, and that those findings must now be vacated.

Morgan responds that the bankruptcy court did not err in finding that his involvement in these transactions was not done with an intent to defraud. He states that 8400 included these claims as alleged fraudulent transfers in the joint pretrial order, and also listed facts related to these transactions as contested facts. Morgan further asserts that 8400 presented much evidence related to these transactions at trial, and argues that 8400 has not directed the court to any statement, pleading or other evidence in the record clearly showing that it abandoned its section 727(a)(2)(A) objections based on those transactions prior to trial.

The court agrees in part with 8400 and in part with Morgan. In the Joint Pretrial Order signed June 7, 2006, 8400 asserts section 727(a)(2)(A) claims only for the lake house and Family Leasing transfers. As 8400 argues on appeal, the other transactions at issue here were waived as independent fraudulent transfer causes of action because they were not asserted as claims for relief in the pretrial order. *See, e.g., Arsement v. Spinnaker Exploration Co., LLC,* 400 F.3d 238, 245 (5th Cir. 2005) (pretrial order controls

scope and course of trial, claim or issue not included in pretrial order is waived unless presented at trial without objection); *Valley Ranch Development Co., Ltd. v. FDIC,* 960 F.2d 550, 554 (5th Cir. 1992) (claim or issue omitted from pretrial order is waived).

However, as Morgan emphasizes, and the Joint Pretrial Order reflects, 8400 put in contention many facts related to the Gainesville Transactions, TacCo Transactions, REI Conveyance, and the Warwick Account transfers. As 8400 admits, it presented this proof for the express purpose of showing fraudulent intent with respect to the lake house and Family Leasing transfers. Accordingly, in the court's view, the bankruptcy court's factual findings that the Gainesville, TacCo, REI and Warwick transactions were not motivated by fraudulent intent were properly made in the course of evaluating the presence or absence of fraudulent intent with regard to the lake house and Family Leasing transfers. The court will not vacate these findings, and cannot dismiss them as dicta.

### C. Alleged Erroneous Factual Findings

Finally, 8400 asks the court to vacate certain specific factual findings by the bankruptcy court. As this court notes above, factual findings by the bankruptcy court are clearly erroneous only if "'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *In re Dennis,* 330 F.3d at 701. The court has reviewed the particular factual findings complained of by Appellant, and finds that even if it assumes, without deciding, that they should be vacated, this court's

13

view of the evidence as a whole would remain unchanged. Accordingly, the court determines that those findings identified by Appellant in its briefing are not clearly erroneous. *Id.*

### III. Conclusion

For the reasons stated herein, the order and judgment of the bankruptcy court are hereby **affirmed.** The clerk is directed to prepare, sign and enter the judgment pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED.**

Signed November 19th , 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE